**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PHILLIP DEYOUNG and SANDY DEYOUNG, | ) ) ) |
| Plaintiffs, | ) ) No.   1:10-cv-2104 |
| vs. | ) ) |
| RELIANT RECOVERIES, INC., | ) **JURY DEMAND ENDORSED HEREON** ) |
| Defendant. | ) |

**COMPLAINT**

NOW COME the Plaintiffs, PHILLIP DEYOUNG and SANDY DEYOUNG, by and through their attorneys, LUXENBURG & LEVIN, LLC, and for their Complaint against the Defendant, RELIANT RECOVERIES, INC.,   Plaintiffs allege and state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiffs are individuals who were at all relevant times residing in Aurora, Ohio.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6. On information and belief, Defendant is a corporation of the State of Washington, which is not licensed to do business in Ohio and which has its principal place of business in Everett, Washington.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about December 1, 2009, Defendant's representatives and/or employees, including, but not limited to Tiffany Ferguson, began contacting Plaintiffs by telephone multiple timers per week in attempts to collect an alleged debt owed by another individual.

8. On multiple occasions during the aforementioned telephone calls, Plaintiffs advised Defendant's representatives that the individual who owed the debt did not live with them, and further, that they did not have contact information for the alleged debtor.

10. However, the calls from Defendant's representatives in attempts to collect the alleged debt continued unabated.

11. On or about March 8, 2010, Defendant was advised in writing that Plaintiff was now represented by attorney Mitchel Luxenburg of Luxenburg & Levin, LLC in relation to Defendant's attempts to collect the alleged debt.

12. Nonetheless, Defendant's representatives contacted Plaintiffs twice during the month of April 2010 in further attempts to collect the alleged debt.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Communicating with a person other than the actual consumer debtor more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

   b. Causing a telephone to ring or engaging Plaintiffs in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

   c. Communicating with Plaintiffs after Defendant had been advised that they were represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, PHILLIP DEYOUNG and SANDY DEYOUNG, respectfully pray for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

   c. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act)

15. Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as though fully rewritten here.

16. Defendant's actions in attempting to collect the alleged debt from Plaintiffs as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

18. Plaintiffs are "consumers" as defined in Ohio Rev. Code § 1345.01(C), as they are persons who engaged in a consumer transaction with a supplier, the Defendant herein.

19. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiffs have suffered, and continue to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiffs, PHILLIP DEYOUNG and SANDY DEYOUNG, respectfully pray for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each Plaintiff for each violation of the OCSPA;

4

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiffs
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(216) 452-9302 (direct line)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com